IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

FEDERICO VILLARMAN OVIEDO,
    Petitioner,

v.                           Case No. 99-077JAF

UNITED STATES OF AMERICA,
    Respondent.

MOTION FOR NEW TRIAL

NOW COMES, Federico Villarman-Oviedo, hereinafter referred to as Petitioner and prays this Honorable Court for a new trial in view of the United States recent Supreme Court Confrontation Clause ruling, Crawford v. Washington, 541 U.S. 36, 74 CrL 401 (2004).
The District Court erred in depriving Petitioner of the right to cross-examine witnesses against him, in violation of the sixth amendment. During trial, Petitioner's effort to elicit impeachment and/or exculpatory evidence on the involvement of Valerio, the key witness for the prosecution, was thwarted by the court.
There is more than a reasonable probability that had Petitioner been timely provided with the specific information on Valerio's identity and his plea agreement with the government as ordered by the District Court pursuant to repeated defense motions requesting discovery from the government of this specific information, and had Petitioner been given the rightful opportunity to investigate Valerio's criminal activities, the resulting impeachment evidence presented by Petitioner to the jury would have had a devastating impact on Valerio's credibility, and the result of this preceeding would have been altered favorably towards Petitioner's aquittal.  The trial court erred in failing to enforce Petitioner's pretrial request for timely discovery by the government of the often-times requested impeachment

evidence on Valerio, thereby preventing him from adequately preparing and formulating his defense. The trial court also erred in expressly restricting Petitioner's consel in her cross-examination of Valerio with respect to his involvement in drug trafficking activities and his plea agreement with the government. As a consequence of the government's misconduct in disregarding its discovery obligations pursuant to the Federal Code of Evidence and the trial court orders to comply with said obligations, compounded by the above-mentioned errors of the trial court sanctioning the government's misconduct, Petitioner was prejudicially deprived of his Sixth Amendment right to cross-examine witnesses against him.

The trial court abused its discretion in failing to enforce Petitioner's pretrial requests for timely discovery by the government of the impeachment evidence on Valerio repeatedly requested by the Petitioner, thereby preventing him from exercising his right to prepare and formulate his best possible defense. The trial court also erred in expressly restricting Petitioner's counsel in her cross-examination of Valerio with respect to his involvement in drug trafficking activities and his plea agreement with the government.

The government's intentional non-compliance with its discovery obligations under the Federal Code of Evidence and the trial court's errors in sanctioning the government's misconduct prejudicially prevented Petitioner from exercising his Sixth Amendment right to cross-examine witnesses against him.

Since the Supreme Court's landmark ruling on requirements of confrontation Clause, Crawford rule for admission of hearsay is applicable retroactively on habeas review, Crawford v. Washington, 541 U.S. 36, 74 Crl 401 (2004), Petitioner respectfully moves that

the judgment entered against him be reversed and a new trial granted during which he is not deprived of his constitutional right to cross-examine the witnesses against him.

Dated: *March 20, 2005*

                                          Federico Villarman-Oviedo
                                          # *17368-069*
                                          Federal Correction Complex
                                          P.O. Box 1031
                                          Coleman, FL  33521

## CERTIFICATE OF SERVICE

I, Federico Villarman-Oviedo, hereby certifty under penalty of perjury, that I have deposited in the US Mails, the foregoing copy to the U.S. Attroney's office at; U.S. Attorney's Office, Torre Chardon, Suite 1201, 350 Carlos Chardon Ave., Hato Rey, PR  00918 on the *20* of March, 2005.

                                          Federico Villarman-Oviedo
                                          # *17368-069*
                                          Federal Correction Complex
                                          P.O. Box 1031
                                          Coleman, FL  33521